IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

**CONN FEAMSTER and**
**SANDRA FEAMSTER,**

      Plaintiffs,

v.                              CIVIL ACTION NO. __6:10-0241_____

**MOUNTAIN STATE BLUE CROSS**
**& BLUE SHIELD, INC. and**
**RELATIONAL MANAGEMENT**
**SERVICES, LLC and**

      Defendants.

## COMPLAINT

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Conn Feamster is a citizen and resident of Alderson, Greenbrier County, West Virginia.

2. Plaintiff Sandra Feamster is a citizen and resident of Alderson, Greenbrier County, West Virginia.

3. Defendant Mountain State Blue Cross & Blue Shield, Inc. ("MSBCBS") is a corporation incorporated in the State of West Virginia with its principal place of business in Wood County, West Virginia.

4. Defendant Relational Management Services, LLC ("RMS") is a corporation incorporated in a state other than West Virginia and authorized to do business in West Virginia, with its principal place of business in Greenbrier

County, West Virginia.

5. This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

6. Venue is proper in this district under 28 U.S.C. § 1391 because one or both Defendants reside in this district.

## COUNT I

### (COBRA Continuation Coverage Requirements)

7. The Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161, *et seq.*, provides employees who have employment-related group health insurance coverage the opportunity to elect continuation of coverage under the plan in the event of a qualifying event, which includes the termination of employment.

8. COBRA requires that notice be given to plan participants who lose coverage because of a qualifying event.

9. On September 15, 2007, Plaintiff Sandra Feamster began employment for RMS and received employment-related group health insurance through MSBCBS.

10. MSBCBS' Group Contract with RMS provided that RMS "designates MCBCBS to be a fiduciary under the Plan for the purposes for: (a) determining questions of eligibility; (b) determining the amount and type of benefits payable under the Plan; (c) interpreting the Plan as is necessary to

      determine benefits; and (d) responsibility for claim and appeal procedures established by the Department of Labor under Claim Rules set forth in 29 CFR Part 25607."

11. In March 2008, a medical condition forced Plaintiff Sandra Feamster to leave her employment with RMS.

12. Plaintiff Sandra Feamster's leave from her employment in March 2008 was a qualifying event under COBRA.

13. The Defendants did not provide the Plaintiffs with notice of their rights to continuation coverage under COBRA.

14. Despite specific and repeated requests by the Plaintiff, including good faith attempts to pay for continuation coverage, the Defendants, directly and through their agents, denied the Plaintiffs their rights to continuation coverage under COBRA.

15. This Court has discretion to award reasonable attorney's fees and costs to either party under 29 U.S.C. § 1132(g).

16. The Plaintiffs are entitled to reimbursement for all medical expenses incurred for which the Defendants should have accepted liability under their COBRA obligations.

17. The Plaintiffs are further entitled to the reinstatement of benefits retroactive to the qualifying event triggering the Defendants' COBRA obligations.

18. The Plaintiffs are entitled to an award of attorney's fees, costs, and the

statutory penalties for Defendants' failure to provide COBRA continuation coverage.

## COUNT II

**(Failure To Provide Notice of COBRA Continuation Coverage Requirements)**

19. The Plaintiffs incorporate paragraphs 1 through 18 by reference hereto as if set forth verbatim hereinafter.

20. A plan administrator that fails to meet the notice requirements under COBRA may, in the Court's discretion, be personally liable to such participant or beneficiary in the amount of $110 per day from the date of such failure or refusal under 29 U.S.C. § 1132(c)(1).

21. The Plaintiffs are entitled to an award of attorney's fees, costs, and the statutory penalties for Defendants' failure to provide notice of COBRA rights.

## COUNT III

### (Estoppel)

22. The Plaintiffs incorporate paragraphs 1 through 21 by reference hereto as if set forth verbatim hereinafter.

23. The Defendants represented to the Plaintiffs that they were entitled to COBRA continuation coverage.

24. These representations were contained in various employee communications

to the Plaintiffs and in Plan documents.

25. The Defendants made these representations in a fiduciary capacity.

26. The Defendants, directly and through their agents, made affirmative misrepresentations and/or failed to adequately inform the Plaintiffs of their continuation coverage rights and obligations.

27. The Defendants' misrepresentations and inadequate disclosures were material.

28. The Plaintiffs detrimentally relied on the Defendants' misrepresentations and inadequate disclosures.

29. The Defendants are estopped from denying their obligations to provide continuation coverage under COBRA.

## COUNT IV

### (Breach of Fiduciary Duty)

30. The Plaintiffs incorporate paragraphs 1 through 29 by reference hereto as if set forth verbatim hereinafter.

31. The Defendants breached their fiduciary duty under the Group Contract and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1109, through acts and/or omissions that include, but are not limited to:

   (a) determining Plaintiff Sandra Feamtster's eligibility for benefits;

   (b) determining the amount and type of benefits that were payable for or

on behalf of Plaintiff Sandra Feamster;

(c) providing erroneous information regarding Plaintiff Sandra Feamster's eligibility and payable benefits, despite her specific request for information regarding the same;

(d) misrepresenting the Defendants' responsibilities under the Plan; and

(e) such other acts and/or omissions that are disclosed by the evidence.

## COUNT V

### (Misrepresentation)

32. The Plaintiffs incorporate paragraphs 1 through 31 by reference hereto as if set forth verbatim hereinafter.

33. MSBCBS was on notice of Plaintiff Sandra Feamster's inquiry into her eligibility for COBRA coverage under the Plan.

34. The Defendants misrepresented the number of RMS' employees for the purpose of determining Plaintiff Sandra Feamster's eligibility for COBRA coverage.

**WHEREFORE**, Plaintiffs Conn Feamster and Sandra Feamster pray that this Honorable Court award them reimbursement for all medical expenses incurred for which the Defendants should have accepted liability under their COBRA obligations; reinstatement of benefits retroactive to the qualifying event triggering the Defendants'

COBRA obligations; attorney's fees; costs; the statutory penalties for Defendants' failure to provide COBRA continuation coverage; and such other relief as this Court deems just and proper.

                **CONN FEAMSTER AND**
                **SANDRA FEAMSTER**
                **By Counsel**

/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P. O. Box 11133
Charleston, WV 25339-1133
(304) 346-3462
*Counsel for Plaintiffs Conn Feamster and*
*Sandra Feamster*

Roy F. Harmon, III, Esquire
Harmon & Major, P.A.
P. O. Box 8954
16 Lavinia Avenue
Greenville, SC 29604
*Counsel for Plaintiffs Conn Feamster and*
*Sandra Feamster*