IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

CONN FEAMSTER and
SANDRA FEAMSTER,

      Plaintiffs,

vs.                                               CIVIL ACTION NO. 6:10-cv-00241
                                                        JUDGE GOODWIN

HIGHMARK WEST VIRGINIA INC.
d/b/a MOUNTAIN STATE BLUE CROSS
& BLUE SHIELD and RELATIONAL
MANAGEMENT SERVICES, LLC,

      Defendants.

**ANSWER OF DEFENDANT HIGHMARK WEST VIRGINIA INC. TO SECOND AMENDED COMPLAINT**

      Comes now Defendant Highmark West Virginia Inc. (sometimes hereinafter referred to as "Defendant"), by counsel, and for its Answer to the Second Amended Complaint of the Plaintiffs hereby denies each and every allegation contained therein, except as hereinafter set forth:

      1.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

      2.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

      3.    Defendant admits the allegations contained in Paragraph No. 3 of the Second Amended Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

5. Regarding Paragraph No. 5 of the Second Amended Complaint, Defendant admits that Defendants entered into a contract whereby medical benefits were potentially available to eligible RMS employees depending upon certain factors. Defendant denies each and every other allegation set forth in Paragraph No. 5 of the Second Amended Complaint.

6. Regarding Paragraph No. 6 of the Second Amended Complaint, Defendant admits that Sandra Feamster was a participant in the plan between certain dates, and was entitled to benefits from time to time on certain claims between those certain dates, but is without knowledge or information sufficient to form a belief as to the all other allegations contained in Paragraph No. 6 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

7. Regarding Paragraph No. 7 of the Second Amended Complaint, Defendant admits that Conn Feamster, Sandra's husband, was a participant in the plan between certain dates, and was entitled to benefits from time to time on certain claims between those certain dates, but is without knowledge or information sufficient to form a belief as to the all other allegations contained in Paragraph No. 7 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

8. Paragraph No. 8 of the Second Amended Complaint states a conclusion of law to which no responsive pleading is required.

9. Paragraph No. 9 of the Second Amended Complaint states a conclusion of law to which no responsive pleading is required.

10. Defendant incorporates herein by reference all of its responses, denials, and answers to the allegations of Plaintiffs' Second Amended Complaint stated in Paragraphs 1 through 9, inclusive, of this Answer, as if the same were set forth herein verbatim.

11.　Regarding Paragraph No. 11 of the Second Amended Complaint, the language of the COBRA statutes speak for themselves, and thus no response is required by this Defendant.

12.　Regarding Paragraph No. 12 of the Second Amended Complaint, the language of the COBRA statutes speak for themselves, and thus no response is required by this Defendant.

13.　Defendant is without knowledge or information sufficient to form a belief as to the date that Plaintiff Sandra Feamster began employment for RMS contained in Paragraph No. 13 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.  Defendant admits the remaining allegations contained in Paragraph No. 13 of the Second Amended Complaint.

14.　Regarding Paragraph No. 14 of the Second Amended Complaint, the language of the document speaks for itself, and thus no response is required by this Defendant.

15.　Regarding Paragraph No. 15 of the Second Amended Complaint, the language of the document speaks for itself, and thus no response is required by this Defendant.

16.　Regarding Paragraph No. 16 of the Second Amended Complaint, the language of the document speaks for itself and thus no response is required by this Defendant.

17.　Regarding Paragraph No. 17 of the Second Amended Complaint, Defendant denies the allegations of the first sentence, and affirmatively states that the employer selects the "product" (ie. Super Blue Plus etc) not the "group health benefits."  Defendant denies the remainder of the paragraph and affirmatively states that the documents do not name Defendant as the "group administrator."

18.　Defendant denies the allegations contained in Paragraph No. 18 of the Second Amended Complaint.

19.　Defendant denies the allegations contained in Paragraph No. 19 of the Second Amended Complaint, with exception that Defendant admits that it is a fiduciary in some very limited circumstances as discussed in the Contract.

20. Defendant denies the allegations contained in Paragraph No. 20 of the Second Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

22. Defendant denies the allegations contained in Paragraph No. 22 of the Second Amended Complaint.

23. Defendant denies the allegations contained in Paragraph No. 23 of the Second Amended Complaint.

24. Regarding Paragraph No. 24 of the Second Amended Complaint, Defendant admits that it did not give any COBRA notice, but denies that it was required to, and further affirmatively states that there was an exemption applicable in this situation due to the low number of employees.

25. Regarding Paragraph No. 25 of the Second Amended Complaint, Defendant admits that there were two inquiries from Plaintiff Sandra Feamster regarding whether a COBRA extension was available, admits that the answer given was in the negative, but denies that repeated requests were made by Plaintiff Sandra Feamster of this Defendant for COBRA extension. Defendant denies all other allegations of Paragraph No. 25 of the Second Amended Complaint.

26. Defendant denies the allegations contained in Paragraph No. 26 of the Second Amended Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Second Amended Complaint.

28. Regarding Paragraph No. 28 of the Second Amended Complaint, the language of the statute speaks for itself, and thus no response is required by this Defendant.

29. Defendant denies the allegations contained in Paragraph No. 29 of the Second Amended Complaint.

30. Defendant incorporates herein by reference all of its responses, denials, and answers to the allegations of Plaintiffs' Second Amended Complaint stated in Paragraphs 1 through 29, inclusive, of this Answer, as if the same were set forth herein verbatim.

31. Regarding Paragraph No. 31 of the Second Amended Complaint, the language of the statute speaks for itself, and thus no response is required by this Defendant.

32. Regarding Paragraph No. 32 of the Second Amended Complaint, the language of the contract speaks for itself and thus no response is required by this Defendant.

33. Regarding Paragraph No. 33 of the Second Amended Complaint, Defendant denies the allegations of the first sentence, and affirmatively states that the employer selects the "product" (ie. Super Blue Plus etc) not the "group health benefits". Regarding the remainder of the paragraph, the language of the document speaks for itself, and thus no response is required by this Defendant.

34. Defendant denies the allegations contained in Paragraph No. 34 of the Second Amended Complaint.

35. Defendant denies the allegations contained in Paragraph No. 35 of the Second Amended Complaint, with exception that Defendant admits that it is a fiduciary in some very limited circumstances as discussed in the Contract.

36. Defendant denies the allegations contained in Paragraph No. 36 of the Second Amended Complaint.

37. Defendant denies the allegations contained in Paragraph No. 37 of the Second Amended Complaint.

38. Defendant incorporates herein by reference all of its responses, denials, and answers to the allegations of Plaintiffs' Second Amended Complaint stated in Paragraphs 1 through 37, inclusive, of this Answer, as if the same were set forth herein verbatim.

39. Defendant denies the allegations contained in Paragraph No. 39 of the Second Amended Complaint as to it.

40. Defendant denies the allegations contained in Paragraph No. 40 of the Second Amended Complaint as to it.

41. Defendant denies the allegations contained in Paragraph No. 41 of the Second Amended Complaint as to it.

42. Defendant denies the allegations contained in Paragraph No. 42 of the Second Amended Complaint as to it.

43. Defendant denies the allegations contained in Paragraph No. 43 of the Second Amended Complaint as to it.

44. Defendant denies the allegations contained in Paragraph No. 44 of the Second Amended Complaint as to it.

45. Defendant denies the allegations contained in Paragraph No. 45 of the Second Amended Complaint as to it.

46. Defendant incorporates herein by reference all of its responses, denials, and answers to the allegations of Plaintiffs' Second Amended Complaint stated in Paragraphs 1 through 45, inclusive, of this Answer, as if the same were set forth herein verbatim.

47. Defendant denies the allegations contained in Paragraph No. 47 of the Second Amended Complaint.

48. Defendant admits the allegations contained in Paragraph No. 48 of the Second Amended Complaint.

49. Defendant denies the allegations contained in Paragraph No. 49 of the Second Amended Complaint.

50. Defendant denies the allegations contained in Paragraph No. 50 of the Second Amended Complaint.

51. Defendant denies the allegations contained in Paragraph No. 51 of the Second Amended Complaint.

52. Defendant denies the allegations contained in Paragraph No. 52 of the Second Amended Complaint as to this Defendant, and is without knowledge or information as to Defendant RMS sufficient to form a belief as to the allegations contained in Paragraph No. 52 of the Second Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

53. Paragraph No. 53 of the Second Amended Complaint states a conclusion of law to which no responsive pleading is required.

54. Defendant denies the allegations contained in Paragraph No. 54 of the Second Amended Complaint.

55. Defendant denies the allegations contained in Paragraph No. 55 of the Second Amended Complaint.

56. Defendant incorporates herein by reference all of its responses, denials, and answers to the allegations of Plaintiffs' Second Amended Complaint stated in Paragraphs 1 through 55, inclusive, of this Answer, as if the same were set forth herein verbatim.

57. Defendant denies the allegations contained in Paragraph No. 57 of the Second Amended Complaint.

58. Defendant denies the allegations contained in Paragraph No. 58 of the Second Amended Complaint.

59. Defendant denies the allegations contained in Paragraph No. 59 of the Second Amended Complaint.

60. Defendant denies the allegations contained in Paragraph No. 60 of the Second Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph No. 61 of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted barred by ERISA to the extent they are based on or arise under state law.

### THIRD AFFIRMATIVE DEFENSE

COBRA is not applicable to due to small employee exemption.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is neither an administrator nor plan sponsor and is not a proper defendant in an ERISA action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for breach of fiduciary duty must be dismissed because Plaintiffs have a potentially adequate remedy under §502(c)(1) of ERISA, 29 U.S.C. §1132(c)(1).

### SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint must be dismissed to the extent, if any, that it seeks remedies that are not available under ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to plead or assert defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure, or any other matter constituting an avoidance or

affirmative defense, if the same be warranted as a result of the discovery in this case or the evidence adduced at trial.

WHEREFORE, Defendant Highmark West Virginia Inc. demands that this action be dismissed and that it have judgment against the Plaintiffs for costs on its behalf expended.

/s/ Robert J. Kent
Robert J. Kent (5010),
Counsel for Defendant Highmark West Virginia Inc.
Bowles Rice McDavid Graff & Love LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia  26102
(304) 420-5504
Facsimile (304) 420-5587

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Jeffrey V. Mehalic
jeff@mehaliclaw.com

Anna F. Ballard
Anna.Ballard@steptoe-johnson.com

Jan L. Fox
Jan.Fox@steptoe-johnson.com,sandssb@steptoe-johnson.com

Sara E. Hauptfuehrer
Sara.Hauptfuehrer@steptoe-johnson.com,Marci.Golden@steptoe-johnson.com

and by depositing the same in the United States Mail, postage prepaid, addressed to:

Roy F. Harmon, III.
HARMON & MAJOR
P. O. Box 8954
Greenville, SC  29604

*/s/ Robert J. Kent*
Robert J. Kent

3010229.1