IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

CONN FEAMSTER and
SANDRA FEAMSTER,

      Plaintiffs,

vs.                                     Civil Action No. 6:10-cv-241
                                          Chief Judge Goodwin

HIGHMARK WEST VIRGINIA INC.
d/b/a MOUNTAIN STATE BLUE CROSS
& BLUE SHIELD and RELATIONAL
MANAGEMENT SERVICES, LLC,

      Defendants.

### DEFENDANT RELATIONAL MANAGEMENT SERVICES, LLC'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

On October 5, 2010, Defendant Relational Management Services, LLC ("RMS") filed a motion for summary judgment which, if successful, would result in dismissal of all claims against it. Because RMS's summary judgment motion is dispositive, RMS also filed a motion to stay discovery pending the Court's decision on the motion. On October 19, 2010, Plaintiffs filed a response in opposition to the motion to stay. For the reasons explained below, Plaintiffs' response is not well taken and the motion to stay should be granted.

### ARGUMENT

### I.

The issues presented in RMS's summary judgment motion are ripe for decision without additional discovery. Plaintiffs' statement of facts focuses on the organizational structure of RMS, which they characterize as involving "multiple limited liability corporations [*sic*] located all over the United States, offshore trusts, and tax-reduction schemes." Doc. 102 at 2. RMS's organizational structure is relevant to the issues in the cases only in this way: Whether RMS was

subject to COBRA's continuation coverage requirements in 2008 (when Ms. Feamster's employment was terminated) depends upon whether RMS *and any members of a "controlled group" or "affiliated service group" that includes RMS* had 20 or more employees on a "typical business day" in calendar year 2007.  The "typical business day" inquiry is quite complicated, and the Internal Revenue Code's controlled group, affiliated service group, and attribution rules are even more daunting.  *See, e.g.*, ERISA § 601(b), 29 U.S.C. § 1161(b); I.R.C. §§ 414(b), 414(c), 414(m), 1563; Treas. Reg. §§ 1.414(c)-1, 1.414(c)-2, 1.414(c)-4, 1.1563(b)(1)(i)(B), 54.4980B-2 Q&A 2.  None of those issues, however, is implicated by RMS's pending summary judgment motion.[1]

Moreover, although Plaintiffs complain that they have not yet deposed RMS's representatives, RMS's chief executive, L. Jay Mitchell, was deposed on October 20, 2010 in connection with the state court litigation, and the Plaintiffs took a Rule 30(b)(7) deposition of RMS on October 21, 2010.  At that time, RMS's representatives were questioned at some length on issues of organizational structure and employee counts.  In addition, Sharon Findlay, a co-defendant in the state case and RMS's former human resources director, was deposed on March 31, 2010 in the state case and will be deposed on October 27, 2010 in the federal case.  Further, counsel for the Plaintiffs took the position during the recent depositions in the state court action that all matters discovered in either the state or the federal case were available for use by the parties in both cases.  Plaintiffs, then, have had the opportunity to question RMS representatives, although, again, the controlled group issues are not implicated by RMS's pending motion for summary judgment.

---

[1] RMS will address Plaintiffs' complaints about discovery in greater depth in its reply brief in support of the motion for summary judgment, which will be filed on or before November 1, 2010.

5583039

## II.

Judge Copenhaver's decision in *United States v. A.T. Massey Coal Co.*, 2007 WL 3051449 (S.D. W. Va. Oct. 18, 2007), upon which Plaintiffs rely, does not support denial of RMS's motion to stay.  For one thing, the court in that case cited with approval a number of cases where stays of discovery had been granted and noted, "'such a procedure is an eminently logical means to prevent wasting the time and efforts of all concerned, and to make the most efficient use of judicial resources.'"  2007 WL 3051449, at *2 (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979), and citing *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986); *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990); *Westminster Investing Corp. v. G.C. Murphy Co.*, 434 F.2d 521 (D.C. Cir. 1970)).[2]

In addition, in *A.T. Massey*, the defendants' principal challenge was to the sufficiency of the complaint, a problem that could be cured by amendment (2007 WL 3051449, at *3); RMS's motion does not challenge the sufficiency of the complaint, and Plaintiffs have not argued that an amended pleading could defeat or moot the motion.  In *A.T. Massey*, the motion to stay was filed at the motion to dismiss stage, before any discovery had been conducted; here, as the Plaintiffs have acknowledged, RMS has already produced thousands of pages of documents (Doc. 102 at 2).  Also, in *A.T. Massey* there was a contention of ongoing violations of the Clean Water Act, which threatened environmental harm West Virginia's waters (2007 WL 3051449, at **1, 3); no concern of that nature exists here.

Contrary to Plaintiffs' implication, RMS is not asking the Court for an early discovery cut off.  It is asking for a stay pending resolution of the motion for summary judgment.  RMS

---

[2] Plaintiffs point out that co-defendant Highmark West Virginia, Inc. has filed a cross-claim against RMS and did not join RMS is seeking a stay of discovery.  But neither did Highmark oppose RMS's motion, as it had a right to do and as would be expected if it objected to the proposed stay.

3

believes that its motion for summary judgment is meritorious and that resolution of that motion should result in dismissal of all claims against RMS. But should the Court deny the motion, discovery would resume, although RMS would be entitled under the rules to lodge such objections and seek such protective orders if and as it deems appropriate.

### III.

RMS has not, by its conduct since filing the motion to stay, conceded that discovery should not be stayed. *See* Doc. 102 at 3-4, 7-8. Filing a motion to stay discovery does not operate as a stay of discovery, and it would have been inappropriate for RMS to behave as if it did. After filing the motion to stay, RMS continued its good faith and diligent efforts to satisfy Plaintiffs' discovery demands, as it was obligated to do, and, as is its right to do, pursued outstanding discovery requests that it has served on the Plaintiffs. What Plaintiffs describe in their response in opposition to RMS's motion to stay as evidence of RMS's concession is the on-going back-and-forth of discovery that must go on absent relief from the Court.[3] Even if the Plaintiffs had joined in the motion to stay, the parties would not have been relieved of their discovery obligations unless and until the Court granted the motion. That Plaintiffs should attempt to use RMS's continuing efforts to respond to discovery as a justification for denying its motion to stay is unavailing.

---

[3] The parties' squabbles about each other's discovery conduct need not be put before the Court at this time. Plaintiffs repeatedly have, however, referred to the fact that they have allowed RMS extensions of deadlines for responding. RMS appreciates Plaintiffs' accommodations in that respect. But Plaintiffs do not mention that they too have requested extensions of time to respond to discover, to which RMS and co-defendant Highmark have agreed.

## **CONCLUSION**

For all of the reasons explained above and in RMS's motion, this Court should stay discovery in this action and adjourn the trial date pending resolution of RMS's motion for summary judgment.

Dated October 27, 2010.

                                        Respectfully submitted:

                                        s/   Sara E. Hauptfuehrer
                                        Sara E. Hauptfuehrer (WV Bar No. 8931)
                                        STEPTOE & JOHNSON PLLC
                                        400 White Oaks Boulevard
                                        Bridgeport, WV 26330
                                        (304) 933-8195

                                        Jan L. Fox (WV Bar No. 1259)
                                        J.A. Curia III (WV Bar No. 10043)
                                        STEPTOE & JOHNSON PLLC
                                        Eighth Floor, Chase Tower
                                        P.O. Box 1588
                                        Charleston, WV 25326-1588
                                        (304) 353-8000

                                        *Counsel for Defendant*
                                        *Relational Management Services, LLC*

5583039

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

>Jeffrey V. Mehalic
>2011 Quarrier Street
>P.O. Box 11133
>Charleston, WV 25339-1333
>
>Robert J. Kent
>Bowles Rice McDavid Graff & Love LLP
>Fifth Floor, United Square
>P.O. Box 49
>Charleston, WV 26102
>
>Roy F. Harmon III
>Harmon & Major
>P.O. Box 8954
>Greenville, SC 29604

>>s/   Sara E. Hauptfuehrer
>>Sara E. Hauptfuehrer (WV Bar No. 8931)
>>STEPTOE & JOHNSON PLLC
>>400 White Oaks Boulevard
>>Bridgeport, WV 26330
>>(304) 933-8195

5583039