IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

**CONN FEAMSTER and
SANDRA FEAMSTER,**

       **Plaintiffs,**

v.                                         CIVIL ACTION NO.  6:10-CV-00241
                                                        The Honorable Joseph R. Goodwin

**HIGHMARK WEST VIRGINIA INC. d/b/a
MOUNTAIN STATE BLUE CROSS BLUE
SHIELD, and RELATIONAL MANAGEMENT
SERVICES, LLC,**

       **Defendants.**

**PLAINTIFFS' REPLY TO DEFENDANT RELATIONAL MANAGEMENT
SERVICES, LLC'S RESPONSE IN OPPOSITION
<u>TO PLAINTIFFS' MOTION TO COMPEL</u>**

**A.**    **The Plaintiffs' motion is timely.**

The Plaintiffs' motion to compel is timely, as it was filed within 30 days of RMS' counsel's November 12 email to Plaintiffs' counsel that RMS had not waived its assertion of the attorney-client privilege by failing to timely produce its privilege log.[1]

The record is clear that, after having granted a two-week extension to RMS to produce its responses – including any privilege log – the Plaintiffs then engaged in a good-faith effort to resolve the issue of RMS' waiver of its privilege. Not until November 12 did RMS inform the Plaintiffs that it would not produce the documents that had been identified

---

[1] Document #132-13 at 1.

in the privilege log. The timing of RMS' statement should not render the Plaintiffs' motion untimely. Otherwise, the Plaintiffs have been prejudiced by attempting to resolve the dispute with RMS without the Court's involvement.

Likewise, RMS' counsel acknowledges that an agreement was in place where they would obtain from Google the emails that had been originally subpoenaed by the Plaintiffs.[2] In fact, this agreement induced the Plaintiffs to inform Google that they no longer requested the documents.[3] RMS cannot reasonably assert a waiver argument at this stage when the Plaintiffs assumed in good faith that RMS' counsel would obtain the documents as agreed. Otherwise, RMS benefits from its failure to do what its counsel had agreed to do.

### B. Because Google would have complied with the Plaintiffs' subpoena *duces tecum*, RMS should employ the same means to obtain the documents.

Google was prepared to provide the documents when the Plaintiffs served their subpoena. As RMS notes in its response:

> Google advised that it had received the Plaintiffs subpoena and that 'unless you provide us with a copy of a filed motion to quash the subpoena (or other formal objection filed in court) via email at legal-support@google.com no later than 5 p.m. Pacific time on September 13, 2010, Google may provide responsive documents on this date'.[4]

---

[2]   Document #141 at 4.

[3]   Document #132-12 at 1.

[4]   Document #141 at 3.

Therefore, if RMS cannot obtain the documents through its counsel's letter request, the Plaintiffs requested that RMS use the same procedure employed by the Plaintiffs, *i.e.*, to serve a subpoena. The Plaintiffs' counsel provided the subpoena exhibit, the process server, address and all other necessary information to RMS' counsel for this purpose.[5]

### C. Obtaining documents directly from Google is preferable to asking email account holders – all of whom may not be known – to produce documents in their possession.

RMS presents the alternatives of obtaining the documents from Google directly as opposed to obtaining the documents from the account holders of their choosing as a matter of indifference. It is not.

RMS admits that various parties have used the same Google email account names.[6] Neither RMS' counsel nor Plaintiffs' counsel know, with any degree of certainty, who all these people were who used the Google email account names. RMS' counsel has requested that Sharon Findlay and Tina Carey provide RMS with responsive documents from their respective tenures as account-holders, and proposes that this is equivalent to obtaining the documents from Google.

But neither RMS nor the Plaintiffs have any assurance that Ms. Findlay and Ms. Carey were the only individuals who used those email account names. Certainly RMS has not attempted to assure the Plaintiffs that the universe of email account holders is limited

---

[5]   Document #132-12.

[6]   *Id.* at 2.

to Ms. Findlay and Ms. Carey.

Obtaining the documents directly from Google provides a much more secure and certain means of assuring that all documents are retrieved. Reliance on a few of the people having tenure with the accounts, at least one of whom (Ms. Findlay) is a proposed additional defendant in this civil action,[7] does not and cannot assure the same degree of compliance. Furthermore, the parties agreed that the documents would be obtained from Google. RMS now seeks to unilaterally change that agreement.

### D. RMS' assertion that the Plaintiffs have not been prejudiced by the untimely production of the privilege log is misleading and inaccurate.

As set forth in the Plaintiffs' motion, the Plaintiffs' amended second set of requests for production[8] were tailored to focus on emails and attachments sent to and from the address identified in the Google subpoena as well another Google email address the Plaintiffs had discovered.

As a result of RMS' untimely assertion of the privilege as to certain documents, the Plaintiffs have had to engage in discovery, including depositions, without access to the documents. Without knowing what the documents are, the Plaintiffs cannot assert specific allegations of prejudice, but that does not mean that no prejudice occurred. And as to the issue of good faith raised by RMS, the Plaintiffs note that RMS has only reluctantly

---

[7] *See* proposed Third Amended Complaint [Document #110-1].

[8] Document #72.

produced email documents following the Plaintiffs' identification of relevant accounts.[9]

While RMS attempts to mitigate the effect of its untimely production of the privilege log, the Plaintiffs have no assurance that these documents should not have been identified in some earlier privilege log. Thus, the Plaintiffs suggest that the Court review *in camera* the documents that have been withheld as privileged in order to ensure that the privilege has been asserted appropriately.

**CONN FEAMSTER AND
SANDRA FEAMSTER
By Counsel**

/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P. O. Box 11133
Charleston, WV 25339-1133
(304) 346-3462

Roy F. Harmon, III, Esquire
Harmon & Major, P.A.
16 Lavinia Avenue
P. O. Box 8954
Greenville, SC 29604
(864) 467-1712

*Counsel for Plaintiffs Conn Feamster and Sandra Feamster*

---

[9] *See, e.g.*, Document #110-8 at 3.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT PARKERSBURG

**CONN FEAMSTER and**
**SANDRA FEAMSTER,**

      **Plaintiffs,**

v.                                              **CIVIL ACTION NO. 6:10-CV-00241**
                                                      The Honorable Joseph R. Goodwin

**HIGHMARK WEST VIRGINIA INC. d/b/a**
**MOUNTAIN STATE BLUE CROSS BLUE**
**SHIELD, and RELATIONAL MANAGEMENT**
**SERVICES, LLC,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Jeffrey V. Mehalic, hereby certify that on this 6th day of January, 2011, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Robert J. Kent, Esquire
Bowles Rice McDavid Graff & Love LLP
P. O. Box 49
Parkersburg, WV 26102-0049

Jan L. Fox, Esquire
Steptoe & Johnson PLLC
P. O. Box 1588
Charleston, WV 25326-1588

Sara E. Hauptfuehrer, Esquire
Steptoe & Johnson PLLC
P. O. Box 2190
Clarksburg, WV 26302-2190

                                                    /s/ Jeffrey V. Mehalic
                                                    Jeffrey V. Mehalic (WV State Bar No. 2519)