Case 6:10-cv-00241 Document 62 Filed 08/02/10 Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

CONN FEAMSTER, *et al.*,

    Plaintiffs,

v.                                Civil Action No. 6:10cv241
                                     Chief Judge Goodwin

HIGHMARK WEST VIRGINIA, INC.,
*et al.*,

    Defendants.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I.    DISCOVERY PHASE**

    A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "CONFIDENTIAL."

    B.    If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

    C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

**EXHIBIT 1**

Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, at any discovery deposition taken in this action.

E. If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

- Provide a copy of this Protective Order to the person to whom disclosure is made;
- Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
- Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
- Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material;
- Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person; and
- At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL"

marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for Electronic Filing in the Southern District of West Virginia* § 11, and (c) controlling precedent. See, e.g., *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

ENTER: August 2, 2010

Parties and Counsel:

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

**COUNSEL FOR PLAINTIFFS CONN FEAMSTER AND SANDRA FEAMSTER:**

s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV Bar #2519)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P.O. Box 11133
Charleston, WV 25339-1333
(304) 346-3462

s/ Roy R. Harmon III
Roy F. Harmon III
Harmon & Major
P.O. Box 8954
Greenville, SC 29604
(864) 467-1712

3

Case 6:10-cv-00241 Document 62 Filed 08/02/10 Page 4 of 4

**COUNSEL FOR DEFENDANT HIGHMARK WEST VIRGINIA INC.:**

s/ Robert J. Kent
Robert J. Kent (WV Bar #5010)
Bowles Rice McDavid Graff & Love LLP
501 Avery Street
P.O. Box 49
Parkersburg, WV 26102
(304) 420-5504

s/ Jill E. Hall
Jill E. Hall (WV Bar #8812)
Bowles Rice McDavid Graff & Love LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1128

**COUNSEL FOR DEFENDANT RELATIONAL MANAGEMENT SERVICES, LLC:**

s/ Jan L. Fox
Jan L. Fox (WV Bar #1259)
Steptoe & Johnson PLLC
Chase Tower, Eight Floor
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000

s/ Sara E. Hauptfuehrer
Sara E. Hauptfuehrer (WV Bar #8931)
Steptoe & Johnson PLLC
Chase Tower, Sixth Floor
P.O. Box 2910
Clarksburg, WV 26302-2910
(304) 624-8195

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

CONN FEAMSTER and
SANDRA FEAMSTER,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 6:10-cv-241
                                      (Chief Judge Goodwin)

HIGHMARK WEST VIRGINIA INC.
d/b/a MOUNTAIN STATE BLUE CROSS
& BLUE SHIELD and RELATIONAL
MANAGEMENT SERVICES, LLC,

        Defendants.

## NOTICE OF INTENT TO SERVE SUBPOENA

Defendant Relational Management Services, LLC, by counsel, files contemporaneously the attached Subpoena to Produce Documents in a Civil Action for Custodian of Records, Solacium Holdings, LLC, and serve the same on counsel of record.

Dated this 14th day of January, 2011.

                                              RELATIONAL MANAGEMENT
                                              SERVICES, LLC

                                              By Counsel

                                              /s/ Sara E. Hauptfuehrer
                                              Sara E. Hauptfuehrer (WV Bar #8931)
                                              Steptoe & Johnson PLLC
                                              400 White Oaks Boulevard
                                              Bridgeport, WV 26330
                                              (304) 933-8000
                                              (304) 933-8183 facsimile
                                              Sara.Hauptfuehrer@steptoe-johnson.com

**EXHIBIT 2**

Jan L. Fox (WV Bar #1259)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@steptoe-johnson.com

*Attorneys for Defendant Relational
Management Services, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

CONN FEAMSTER and
SANDRA FEAMSTER,

    Plaintiffs,

vs.                                     Civil Action No. 6:10cv241
                                          Chief Judge Goodwin

HIGHMARK WEST VIRGINIA INC.
d/b/a MOUNTAIN STATE BLUE CROSS
& BLUE SHIELD and RELATIONAL
MANAGEMENT SERVICES, LLC,

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

        Jeffrey V. Mehalic
        2011 Quarrier Street
        P.O. Box 11133
        Charleston, WV 25339-1333
        jeff@mehaliclaw.com

        Roy F. Harmon III, Esq.
        Harmon & Major
        P.O. Box 8954
        Greenville, SC 29604
        harmonmajor@gmail.com

Robert J. Kent, Esq.
Bowles Rice McDavid Graff & Love LLP
United Square, Fifth Floor
501 Avery Street
Parkersburg, WV 26101
rkent@bowlesrice.com

/s/ Sara E. Hauptfuehrer
Sara E. Hauptfuehrer (WV Bar #8931)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

AO 88B (Rev...) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
District of Utah

| | | |
|---|---|---|
| Conn Feamster and Sandra Feamster | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:10-cv-241 |
| | ) | |
| Highmark West Virginia Inc., et al. | ) | (If the action is pending in another district, state where: |
| | ) | Southern District of West Virginia ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Solacium Holdings, LLC
c/o Shane Keppner, Esq., Bennett Tueller Johnson & Deere, 3165 E. Millrock Dr., Salt Lake City, UT 84121

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| Place: Bennett Tueller Johnson & Deere, Suite 500, 3165 E. Millrock Drive, Salt Lake City, UT 84121 | Date and Time: 01/24/2011 5:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/14/2011

CLERK OF COURT

OR

s/ Sara E. Hauptfuehrer

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Relational Management Services, LLC, who issues or requests this subpoena, are:
Sara E. Hauptfuehrer, Steptoe & Johnson PLLC, 400 White Oaks Boulevard, Bridgeport, WV 26330, 304.933.8195, sara.hauptfuehrer@steptoe-johnson.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:10-cv-241

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*.

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **EXHIBIT A**

A. Business records from which the following information may be ascertained:

 1. The "gross receipts" and "earned income" received by Solacium Holdings, LLC for tax years 2006, 2007, and 2008;

 2. The amount of "gross receipts" and "earned income" received by Solacium Holdings, LLC attributable to services performed for Relational Management Services, LLC for tax years 2006, 2007, and 2008;

 3. The ownership of Solacium Holdings, LLC in calendar years 2006, 2007, and 2008.

B. The operating agreement for Solacium Holdings, LLC as in effect in 2006, 2007, and 2008.

C. An organizational chart or charts showing the organizational structure of Solacium Holdings, LLC and its affiliates in calendar year 2006, 2007, and 2008.

## ACKNOWLEDGEMENT

We acknowledge that we have received a copy of the Protective Order in the matter of Conn Feamster and Sandra Feamster v. Highmark West Virginia Inc. d/b/a Mountain State Blue Cross & Blue Shield and Relational Management Services, LLC, Civil Action No. 6:10-cv-241. We understand that we are bound by its terms and subject to the jurisdiction of the United States District Court for the Southern District of West Virginia for the limited purpose of enforcement of the Protective Order. We further understand that if we are provided any document or other material which is marked "confidential", we will return the same at or before the conclusion of this matter to the party or attorney who originally disclosed them to us.

COUNSEL FOR
SOLACIUM HOLDINGS, LLC

Date: 1/25/2010

Shane L. Keppner
Bennett Tueller Johnson & Deere
3165 East Millrock Drive
Salt Lake City, Utah 84121

Date: 1/25/2010

Lance R. Davis
Chief Financial Officer
Solacium Holdings, LLC
661 East Technology Avenue
Orem, Utah 84097

**EXHIBIT 3**